IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT W. UPSHUR and<br>ALBERT W. UPSHUR TRUST,<br><br>    Plaintiffs,<br><br>  v.<br><br>TONYA R. HOSPEDALE and<br>MARGIE D. POLES,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:  Civ. No. 17-1358-RGA<br>:<br>:<br>:<br>:<br>: |

Albert W. Upshur, Yeadon, Pennsylvania. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 12, 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiffs Albert W. Upshur and Albert W. Upshur Trust proceed *pro se*. Albert W. Upshur has been granted leave to proceed *in forma pauperis*. This action was commenced on September 27, 2017 and invokes the jurisdiction of this Court by reason of diversity of citizenship of the parties. (D.I. 2). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The complaint alleges breach of contract and violations of the Fifth and Ninth Amendments to the United States Constitution. Plaintiffs allege the Trust entered into a contract (apparently for the sale/purchase of two vehicles) with Defendants and that Defendants breached the contract. (D.I. 2 at p.3). The complaint alleges "psychological injuries" after the Trust "fulfilled our part of contract" and that Albert W. Upshur "received no medical treatment." (D.I. 2 at p.4). The complaint alleges the incidents giving rise to the claim occurred in Pennsylvania. (*Id.* at p.3).

The Court perceives no basis for jurisdiction. The complaint alleges violations of the Fifth and Ninth Amendments to the United States Constitution. However, when bringing a claim alleging constitutional violations, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law or federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971). The complaint does neither. There is no jurisdiction by reason of a federal question.

In addition, while Plaintiffs invoke diversity jurisdiction, the requirements have not been met. The complaint alleges that Plaintiffs are citizens of the Commonwealth of

1

Pennsylvania and Defendants are citizens of the State of Delaware, and it seeks compensatory damages in the amount of $43,121.65 (total value of both automobiles plus interest) and punitive damages in the amount of $38,000.00 for a total of $81,121.65. Hence, at first blush it appears the requirements for diversity jurisdiction have been met. *See* 28 U.S.C. § 1332(a)(1) (for diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States).

Because the actions that give rise to this claim occurred in Pennsylvania, Pennsylvania law is applied to this breach of contract claim. Pennsylvania courts have stated, "[t]he law is clear that punitive damages are not recoverable in an action for breach of contract." *Thorsen v. Iron and Glass Bank*, 476 A.2d 928, 932 (Pa. Super. 1984) (citations omitted). *See also G.J.D. by G.J.D. v. Johnson*, 713 A.2d 1127, 1129 (Pa. 1998) ("Punitive damages may be imposed for torts that are committed willfully, maliciously, or so carelessly as to indicate wanton disregard of the rights of the party injured.") (citation and internal quotations omitted); *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 370 (Pa. Super. 2003) ("It is settled law that one cannot recover punitive damages independently from an underlying cause of action. . . . Even if the cause of action for breach of contract had not been resolved, [the a]ppellants could not recover punitive damages for an action solely sounding in breach of contract.") (citations omitted). Under Pennsylvania law, punitive damages are not recoverable in a breach of contract claim as a matter of law. As a result, the amount in controversy ($43,121.65 plus interest for the total value of both automobile) which does not include the prayer for

2

punitive damages falls short of the $75,000 amount in controversy requirement under § 1332(a). The requisites for diversity jurisdiction have not been met, the Court lacks subject matter jurisdiction over this matter, and the action will be dismissed.

In addition, the Court notes that there are two named plaintiffs: Albert W. Upshur and Albert W. Upshur Trust.[1] They proceed *pro se*. However, a trust or other artificial entity cannot represent itself. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court). Albert W. Upshur commenced this action on his behalf and on behalf of the trust, however, Albert W. Upshur is not a lawyer and as a non-lawyer, he may not represent a trust. *Id.*

Further, a party bringing a lawsuit in federal court, whether by original process or removal, is obligated to either pay the applicable fees or seek leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915. Albert W. Upshur sought, and was granted leave to proceed *in forma pauperis* (*see* D.I. 1, 4), but the Albert W. Upshur Trust may not proceed *in forma pauperis* in this case because "only a natural person may qualify for treatment in forma pauperis under § 1915." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). Therefore, if this Court had jurisdiction (which it does not) the Trust would be required to pay the $400 filing fee and retain counsel.

---

[1] Albert W. Upshur is named as a plaintiff in paragraph I.A. of the complaint and the Albert W. Upshur Trust is named as a plaintiff in the caption of the complaint.

For the above reasons, the Court will dismiss the complaint for lack of subject matter jurisdiction. Amendment is futile.

An appropriate order will be entered.